Ward v. Sumner.

---

JOE WARD, Appellant, v. R. F. SUMNER, Respondent.

Kansas City Court of Appeals, March 4, 1901.

1. **Appellate Practice:** BILL OF EXCEPTIONS: FILING OF TRANSCRIPT. An appeal is not perfected until a bill of exceptions is signed and filed in the trial court; and the computation of the time for filing the transcript will not commence before such time.

2. **Trial Practice:** BILL OF EXCEPTIONS: EXTENSION OF TIME. An order extending the time for filing a bill of exceptions should be made before the granted time expires.

Appeal from Vernon Circuit Court.—*Hon. O. H. Hoss*, Special Judge.

AFFIRMED.

*Chas. G. Burton, Brown, Harding & Brown* for appellant.

Filed brief and argument on merits.

*Scott & Bowker* for respondent.

(1) When the appellant's record fails to show that the supposed bill of exceptions was ever filed or that the order extending the time of filing the same was ever entered of record in the trial court, the appellate court will disregard the same as not being properly authenticated. R. S. 1899, sec. 728; Finlay v. Gill, 80 Mo. App. 458; Williams v. Williams, 26 Mo. App. 408; State v. Rolley, 135 Mo. 677; Lafollette v. Thompson, 83 Mo. 199.

ELLISON, J.—This is an action on a promissory note. Defendant prevailed in the trial court and plaintiff appealed.

Defendant contends that the bill of exceptions brought here by plaintiff should be disregarded, and that as there is no pretense of error save as to matter of exception during the trial, the judgment should be affirmed.

A remarkable length of time has elapsed since the appeal was granted which was more than two years ago, viz.: on December 28, 1898. Six successive extensions of time for filing a bill of exceptions were granted, the last one being to November 1, 1899; the case was then, on February 16, 1900, filed in this

Ward v. Sumner.

court, too late to get on the March term docket, though more than the statutory fifteen days before the first day of that term. This had the effect of putting the case over to the October term, 1900, and thus preventing a hearing until now. We have, however, uniformly held that for the purpose of counting time within which a transcript should be filed here, we will consider the appeal as not perfected until the bill of exceptions is signed and filed in the trial court. So that if the several extensions of time just noted have been regular, we can not regard the delay which has occurred as prejudicing plaintiff.

In the abstract, as originally presented in this court, there did not appear any record entry of extensions of time for filing the bill and a supplemental or additional abstract was filed showing the record entries. This additional abstract shows that after the extension to October 16, 1899, the next entry was on October 25 extending the time to October 26. This discloses a break in the chain of extensions which is not allowable. The extension just mentioned, set down in the record as on October 25, should have been made prior to the expiration of the extension to October 16.

Again, there is no statement in the abstract by recitation or otherwise, that any judgment was rendered in the cause.

There being no bill of exceptions in the cause, we are left to consider the record proper and finding no error therein we affirm the judgment. All concur.